Matter of Camrem C. (Lydia C.) (2024 NY Slip Op 00798)

Matter of Camrem C. (Lydia C.)

2024 NY Slip Op 00798

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Manzanet-Daniels, J.P., Oing, Kapnick, Shulman, Pitt-Burke, JJ. 

Docket No. N5699/21 Appeal No. 1652 Case No. 2022-05434 

[*1]In the Matter of Camrem C., A Child Under Eighteen Years of Age Alleged to be Neglected by Lydia C., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Neighborhood Defender Service of Harlem, New York (Michael Weinstein of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Hannah Kaplan of counsel), Attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, New York County (Clark V. Richardson, J.), entered on or about October 27, 2022, which, to the extent appealed from as limited by the briefs, after a fact-finding hearing, found that respondent neglected the subject child by inflicting, or allowing to be inflicted, physical harm upon the child, unanimously affirmed, without costs.
Although the Family Court made no explicit findings regarding the credibility of the witnesses after the fact-finding hearing, this Court can make its own findings when the record is sufficiently complete to permit an independent factual review and the drawing of our own conclusions (see CPLR 5501; Matter of Keith H. [Logann M.K.], 113 AD3d 555, 555 [1st Dept 2014], lv denied 23 NY3d 902 [2014]; Matter of Allen v Black, 275 AD2d 207, 209 [1st Dept 2000]). Here, given the breadth of evidence presented by ACS during the hearing, the Family Court's finding did not turn on the credibility of appellant's self-serving testimony to warrant remand and a new hearing. In its fact-finding order, the Family Court relied on medical evidence that the child suffered from "welts, lacerations and bruises, both fresh and in various stages of healing," which provided objective evidence of a pattern of corporal punishment. Moreover, the medical evidence corroborated the child's out-of-court statements made to his paraprofessional, the Child Advocacy Center, and his ACS caseworker (see Matter of Jermaine J. [Howard J.], 121 AD3d 437, 438 [1st Dept 2014] [affirming finding of neglect where child's out-of-court statements corroborated by the case worker, the child's teacher, the school guidance counselor, the child protective specialist, and by photographs of bruises on the child]). In contrast, appellant's testimony that the mother harmed the child on the way to school, on the day the abuse was reported to ACS, does not account for the child's multiple injuries in various stages of healing. At the very least, appellant should have been aware of these injuries and acted as a reasonably prudent guardian to protect the child (see Matter of Mia B. [Brandy R.], 100 AD3d 569, 570 [1st Dept 2012], lv denied 20 NY3d 858 [2013] [various stages of healing of child's injuries indicated prolonged period of neglect during which the mother knew or should have known about excessive corporal punishment]).
Accordingly, the finding of neglect should be affirmed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024